**UNITED STATES of America,
Plaintiff,**

v.

**Herbert A. DANIELS, Defendant.**

**No. 99–40099–01–DES.**

United States District Court,
D. Kansas.

Aug. 10, 2000.

Thomas J Kenney, Kutak Rock LLP, Omaha, NE, Gregory B. Hancks, Leslie A. Greathouse, Kutak Rock LLP, Kansas City, MO, Alan D Strasser, Kutak Rock, Washington, DC, for Herbert A Daniels (1), defendants.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for U.S. Attorneys.

**MEMORANDUM & ORDER**

SAFFELS, Senior District Judge.

This Memorandum and Order memorializes for the record the court's findings regarding the evidence offered and admitted under Federal Rule of Evidence 404(b). That evidence, as set forth in the government's response to defendant's motion in limine, can be generally described as the KUMC evidence, the Holdcraft investigation evidence, and the tonsillectomy evidence.[1]

However, in addition to being admissible un-

---

1. The evidence concerning certain tonsillectomy patients was admitted under Rule 404(b).

■ A defendant's own admissions and actions over time are probative and relevant evidence of intent. Accordingly, the evidence regarding defendant's actions and statements while at KUMC and while practicing with Dr. Holdcraft are admissible under Federal Rule of Evidence 404(b). Rule 404(b) does not prohibit the introduction of "bad acts" evidence, but instead limits the purpose for which it may be introduced. *See Huddleston v. United States,* 485 U.S. 681, 687, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The court finds that the government's 404(b) evidence was offered for a proper purpose, was relevant, and was more probative than prejudicial. Accordingly, the court allowed its admission under Rule 404(b).

*Proper Purpose*

■ The evidence the government offered was not offered to prove that the defendant is of bad character. Indeed, none of the evidence relates to the defendant's character at all. Instead, all of the evidence was offered for the proper purposes explicit and implicit in Rule 404(b): proof of intent, knowledge, method, plan, and lack of mistake.

Under the dictates of *Huddleston,* the "threshold inquiry" regarding bad acts evidence is whether the evidence is "probative of a material issue other than character" and is thus offered for a proper purpose. *Id.* at 686, 691, 108 S.Ct. 1496. Because the violations alleged are specific intent crimes, defendant's intent is an essential and material element that the government must prove beyond a reasonable doubt. Additionally, evidence concerning defendant's other bad acts was offered to prove his methods, plan, pattern, and

knowledge, all of which added to the government's proof that the acts with which the defendant is charged were intentional and were not done in good faith or by mistake.

The defendant's intent has been the primary issue in this case. Consequently, the 404(b) evidence the government offered will be helpful in the jury's resolution of this disputed issue and is thus indisputably offered for a proper purpose. The evidence has been that the defendant began his scheme of "falsifying to justify" while at KUMC. The evidence was that the defendant "tap danced on the charts" and instructed his students to do the same to justify actions taken and to support eventual billings. The defendant's statements to residents and the actions those residents observed offer the jury insight into the defendant's state of mind during the course of his scheme to defraud. As such, the evidence falls directly within the provisions of Rule 404(b).

The evidence showed that defendant's patterns and practices of luring patients into surgery began and were practiced at KUMC, were continued when he was in practice with Dr. Holdcraft, and have continued since he left Dr. Holdcraft's practice. Thus, the evidence is highly relevant to proving defendant's intent, as it shows deliberate and repeated patterns and practices over time, a hallmark of fraud.

*Relevance*

Prior acts evidence is relevant to show an essential element of the charged offense. When uncharged prior acts are similar in method, they are highly probative and are thus virtually guaranteed ad-

---

der Rule 404(b), this evidence is intrinsic to the defendant's scheme to defraud, and is contained in ¶21(c)(2) of the indictment. This evidence is admissible as intrinsic evidence of defendant's scheme to defraud, as alleged in the Second Superseding Indictment. Specifically, the court finds that the defendant's fraud as regards his tonsillectomy patients is the same pattern of fraud as regards his other patients, *i.e.,* the defendant

lured patients into surgery by concealing material information about risks and complications of the recommended surgery. Therefore, the evidence concerning the misleading statements the defendant made to his tonsillectomy patients, and the evidence that he later lied under oath about knowing about the loss-of-taste complication, is directly relevant to the patterns of fraud set forth in the indictment.

mittance. *See United States v. Easter,* 981 F.2d 1549, 1554 (10th Cir.1992).

Although the government has presented a great deal of evidence aside from other bad acts to prove that defendant committed the crimes charged, his other bad acts contribute "dependable proof" of his intent, and is therefore reasonably necessary to the government's case. Consequently, defendant's other bad acts are relevant in that they tend to make more probable the fact that defendant acted knowingly and intentionally, and not because of mistake, or in good faith.

Indeed, the defendant himself has made this evidence relevant by raising his good faith, mistake, and lack of criminal intent defenses in his opening statement. Additionally, the evidence of the defendant's conduct was admissible under Rule 404(b) because these "other bad acts" furnished the context of the crime, allowed for a full presentation of the case, and allowed the government to present the jury with the entire "picture" of the crimes charged, including how the defendant's crimes were discovered. Thus, the admitted 404(b) evidence was not only relevant to the key issue in this case—intent—it was also relevant for the jury's complete understanding of the crimes charged.

Defendant's primary complaint about the KUMC and Holdcraft evidence is its timing. However, it is unimportant that the defendant's conduct at KUMC in 1986–1990 and his continued conduct when in practice with Dr. Holdcraft in 1990–92 occurred several years before the actual events which make up the 49 charges against him. First, those activities occurred within the time frame of the fraud as alleged in the Second Superseding Indictment, 1986–99. Second, because of their similarity to the crimes now charged, the defendant's prior acts are unassailably relevant.

Although proximity in time is a factor in deciding whether to admit 404(b) evidence, there is no fixed period within which those acts must have occurred. Instead, the "court applies a reasonableness standard

and examines the facts and circumstances of each case." *United States v. Massey,* 48 F.3d 1560, 1571–72 (10th Cir.), *cert. denied,* 515 U.S. 1167, 115 S.Ct. 2628, 132 L.Ed.2d 868 (1995). In this case, the specific acts charged in the Second Superseding Indictment are the same types of acts the defendant engaged in while at KUMC and Dr. Holdcraft's practice—falsifying medical records and information to patients to justify treatment which increased his income—and are separated by three to nine years, which is not too remote to effect their relevance. The evidence of defendant's continuing fraud, from 1986 forward, is relevant.

*More Probative than Prejudicial*

■ Defendant's "entry of a not guilty plea and his attack on [witnesses'] credibility ... enhances the probity of the prior [bad acts] evidence by placing his intent and state of mind at issue." *United States v. Buchanan,* 70 F.3d 818, 831 (5th Cir.), *cert. denied,* 517 U.S. 1114, 116 S.Ct. 1340, 134 L.Ed.2d 490 (1996) & 517 U.S. 1126, 116 S.Ct. 1366, 134 L.Ed.2d 532 (1996). When the admission of evidence will cause unfair prejudice that *substantially outweighs* the admitted evidence's probative value, the court must exclude the evidence. Fed.R.Evid. 403. Unfair prejudice, as used in Rule 403, does not mean the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis. "Evidence of guilt, while it undoubtedly works to the detriment of the accused, is not unfairly prejudicial." *United States v. Serlin,* 707 F.2d 953, 960 (7th Cir.1983).

There was no *unfair* prejudice in admitting the government's Rule 404(b) evidence, because none of this evidence will cause the jury to convict the defendant because he is of bad character, the only unfairly prejudicial result the court must guard against. Furthermore, any potential prejudice was limited in two respects. First, defendant's other bad acts was a

very small part of the entire evidence the government offered. Second, the court further limited any potential prejudicial effect by preceding the introduction of this evidence with a limiting instruction. Whatever prejudice may have resulted from admitting defendant's other bad acts, it was not of a nature to substantially outweigh its probative value, especially considering its relevance to what is an essential element of the government's case. Any prejudicial effect of this evidence will have been due merely to the fact that the evidence was incriminating. *See United States v. Jackson,* 761 F.2d 1541, 1544 (11th Cir.1985).

The court finds that the evidence described above and admitted under Federal Rule of Evidence 404(b) was properly admissible as evidence of the defendant's intent to devise and execute the long-running scheme alleged in the Second Superseding Indictment. The government did not offer defendant's prior bad acts as evidence of character, the only impermissible purpose of such evidence under Rule 404(b).